JONES, Judge,
dissenting with written reasons.
I would affirm in part and reverse in part, finding no error with the trial court’s finding of liability on the part of the school board. However, the record supports a finding of comparative negligence on the part of Lee Harris, agent for Mary Hickingbottom, who was sent to pick up her children from school on the day her minor son was injured.
The record reflects that the school board was clearly negligent in failing to supervise those students on campus after school hours. The trial court obviously accepted the testimony of the two students which was consistent in respect to where the incident occurred, i.e. on the school grounds and when the accident occurred, i.e. after school hours. *1368 The students were also able to identify which teacher broke up the fight and brought the students to the principal’s office. I was impressed with the fact that the students testified with specificity, while the school board personnel had no knowledge and no record of any kind evidencing the incident.
Additionally, the record reflects that Mr. Harris allowed Alvin Hickingbottom to reenter the school grounds after school hours to retrieve his younger sister as opposed to going himself. This was clearly negligence.